NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5077

THOMAS D. CLARK,

Plaintiff-Appellant

v.

UNITED STATES,

Defendant-Appellee

_____

DECIDED:  October 26, 2004

_____

Before CLEVENGER, DYK, and PROST, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant, Thomas D. Clark ("Clark"), appeals from the decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  Clark v. United States, No. 03-2769C (Fed. Cl. Mar. 30, 2004).  We affirm.

BACKGROUND

In 1998 Clark filed a request under the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"), with the Central Intelligence Agency ("CIA") to obtain records regarding "mind control."  (Def. App. at 8.)  His FOIA request was delayed, which the appellant alleges was due to the Central Intelligence Agency Information Act of 1984

("CIA Information Act"), codified at 50 U.S.C. § 431 (2000).  Clark filed suit in the United States Court of Federal Claims on December 1, 2003 claiming that this delay, along with the CIA Information Act, the National Security Act, the Patriot Act, and various government policies violated his and all United States citizens' civil rights.  He seeks damages of one million dollars as well as an injunction ordering the United States to cease the alleged unlawful activities.

The Court of Federal Claims identified five alleged causes of action within the plaintiff's complaint: FOIA, the First Amendment, the Fourth Amendment, 42 U.S.C. § 1983, and the Uniform Commercial Code.  The lower court dismissed each cause of action for lack of subject matter jurisdiction.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

Clark's FOIA claim fails for lack of subject matter jurisdiction.  The Tucker Act, 28 U.S.C. § 1491 (2000), grants subject matter jurisdiction to the Court of Federal Claims.  This jurisdictional grant is limited to monetary claims based on contracts with the United States and money-mandating constitutional provisions, statutes, regulations, or executive orders.  United States v. Mitchell, 463 U.S. 206, 215-18 (1983).  FOIA claims are not within the subject matter jurisdiction of the Court of Federal Claims because FOIA does not mandate money damages.  See 5 U.S.C. § 552(a)(4)(B) (2000).  For this reason, we affirm the Court of Federal Claims' dismissal of Clark's FOIA claim.  We also affirm the dismissal of Clark's § 1983 and Uniform Commercial Code claims under the same reasoning.

Clark's claims based upon the First and Fourth Amendments fail for lack of standing. The Supreme Court has set forth a clear test for standing, which requires that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not "conjectural" or "hypothetical" . . . .'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and footnotes omitted). In his complaint, Clark alleges no facts indicating that he personally suffered any sort of concrete injury other than a delayed response to his FOIA filing. Clark's First and Fourth Amendment claims are therefore dismissed for lack of standing.[1]

CONCLUSION

The decision of the Court of Federal Claims is affirmed.

COSTS

No costs.

---

[1] On appeal, Clark raises a number of arguments not presented before the Court of Federal Claims. He now claims that the actions of the United States have negatively impacted several businesses he runs by damaging his "business environment" and "expectation of a free press and free market system." (Appellant's Br. at 7-8.) We do not address these new allegations because they were not raised before the Court of Federal Claims. In any event, such generalized allegations are not sufficient to confer standing.